# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HODGE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Respondent. | Case No. CV 15-7504-TJH (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

On September 24, 2015, Mark Hodge ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), in which he challenges his 1996 state court judgment of conviction in Los Angeles County Superior Court Case No. YA029417 (the "1996 conviction"). (Petition at 2.) Petitioner has filed at least five other petitions in this Court challenging the 1996 conviction. For the reasons set forth below, the Petition must be dismissed as an unauthorized successive habeas petition.

## PROCEEDINGS

### The 1996 Conviction

On November 18, 1996, Petitioner was convicted in Los Angeles County Superior Court of carjacking, second degree robbery, and misdemeanor hit–and-run driving (Cal.

Penal Code §§ 215, 211; Cal. Veh. Code § 20002A). The court sentenced Petitioner under California's Three Strikes law to thirty-five years to life in state prison. (Petition at 2; Report and Recommendation in Case No. CV 00-5688-TJH (JWJ), filed May 13, 2002 ("May 2002 R&R") at 1-2.)[1]

State Post-Conviction Proceedings

Petitioner appealed his conviction, which was affirmed by the California Court of Appeal on November 7, 1997. (Petition at 2-3; May 2002 R&R at 2.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on January 28, 1998. (Petition at 3; May 2002 R&R at 2.)

Thereafter, Petitioner exhausted his remedies in state court. (May 2002 R&R at 2.)

Federal Habeas Proceedings

On May 25, 2000, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, Mark Hodge v. Cheryl Pliler, Warden, Case No. CV 00-5688-TJH (JWJ) ("2000 Federal Petition"), in which he attacked the 1996 conviction.[2]

On May 13, 2002, the Magistrate Judge filed a Report and Recommendation recommending that the 2000 Federal Petition be denied on the merits and dismissed with prejudice. On June 6, 2002, the District Judge issued an Order adopting the Report and Recommendation and entered Judgment denying the 2000 Federal Petition and dismissing it with prejudice.

On September 24, 2015, Petitioner filed the instant Petition, which also attacks the 1996 conviction.

---

[1] Petitioner initially was sentenced to 47 years to life in state prison. On appeal, his sentence was reduced to 35 years to life. (Petition at 4.)

[2] The Court takes judicial notice of its own files and records in the case Mark Hodge v. Cheryl Pliler, Warden, Case No. CV 00-5688-TJH (JWJ).

**DISCUSSION**

**I.     Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

**II.    Successive Petitions**

The instant Petition must be dismissed as a successive petition over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction).
"'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas

application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The instant Petition challenges the same 1996 conviction that Petitioner challenged in the 2000 Federal Petition. The Court denied the 2000 Federal Petition on the merits and dismissed it with prejudice.

Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider these claims prior to filing the instant Petition.[3] Because he did not do so, this Court is without jurisdiction to entertain it. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that the Petition be DISMISSED without prejudice to Petitioner filing a new petition if he obtains the necessary authorization from the Ninth Circuit.

DATED: October 9, 2015

TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] On September 13, 2007, the Ninth Circuit issued an Order denying Petitioner's application for authorization to file a second or successive habeas petition. Hodge v. Pliler, CV 00-5688-TJH (JWJ), Docket No. 45.

4